UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERESA WILLIAMS,

Plaintiff,

Case No. 25-cv-13083
Honorable Linda V. Parker

v.

MICHIGAN SECRETARY OF STATE JOCELYN BENSON and DETROIT CITY CLERK JANICE WINFREY,

Defendants.
_______________________________________/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS (ECF NOS. 24, 26)**

This case arises from alleged violations of the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. § 20501. Presently before the Court are Defendants' motions to dismiss based on lack of standing and the failure to state a claim upon which relief may be granted. (ECF Nos. 24, 26.) For the reasons below, this Court finds that Plaintiff lacks standing. Therefore, the Court is granting Defendants' motions to dismiss.

## I. Background

On September 30, 2025, Plaintiff initiated this lawsuit against Defendants Michigan Secretary of State Jocelyn Benson and Detroit City Clerk Janice Winfrey. Plaintiff alleges in her Complaint for injunctive and declaratory relief

that Defendants failed to maintain accurate voter registration records, violating Section 8 of the NVRA, and that Defendants' failure to correct her voting record after notice violates Section 2(b) of the NVRA.

Plaintiff alleges that on or around February 2025, she discovered her voting record indicated that she voted "absentee" in the 2021 Detroit primary election. (ECF No. 1 at PageID.2.) However, Plaintiff contends that she never voted absentee in her life, and that her name should have not "appeared . . . as voting in the August 20[21] Detroit election as absentee." (*Id.*) Plaintiff "testified before the Michigan 'Election Integrity Committee' chaired by Rep. Rachel Smith of the Michigan House of Representatives" regarding the "fraudulent use of the Plaintiff's name in the 2021 August Detroit Primary election, and the inaccuracy of the . . . voting record" on May 6, 2025. (*Id.*) Then, on June 12, 2025, Plaintiff sent a written notice to Defendants pursuant to the NVRA "describing the violation and requesting correction." (*Id.*) After 90 days of failure to cure, Plaintiff filed this lawsuit.

Defendants separately filed motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (2). (ECF Nos. 24, 26.) The motions are fully briefed. (ECF Nos. 28-30.), to which Plaintiff responded (ECF No. 28-30.)

## II. Legal Standard

Defendants seek dismissal under Rule 12(b)(1), contending that subject matter jurisdiction is lacking because Plaintiff does not have standing to bring her claims under the NVRA. Defendants move for dismissal under Rule 12(b)(6), arguing that Plaintiff fails to state a claim for a violation under the NVRA. (*Id.*)

"Rule 12(b)(1) motions to dismiss for lack of jurisdiction generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). A facial attack challenges the sufficiency of the pleading itself. In that instance, the court accepts the material allegations in the complaint as true and construes them in the light most favorable to the nonmoving party. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974)). By contrast, a factual attack is "not a challenge to the sufficiency of the pleading's allegation, but a challenge to the factual existence of subject matter jurisdiction." *Id.*

Defendants raise a facial challenge because they insist that the facts alleged in the Complaint do establish an injury-in-fact under the NVRA. Therefore, this Court accepts the allegations in the Complaint as true, construing them in a light most favorable to the Plaintiff.

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 678. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

**III. Analysis**

Standing is a jurisdictional requirement. *Kanuszewski v. Mich. Dep't of Health & Hum. Servs.*, 927 F.3d 396, 405 (6th Cir. 2019). There are three elements required to establish standing under Article III. Plaintiff must allege facts showing that she "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that it is likely to be redressed by a favorable judicial decision." *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)).

Defendants' position is that Plaintiff lacks standing to bring a claim under the NVRA because she has not clearly alleged any facts demonstrating that she suffered an injury-in-fact. Plaintiff disputes Defendants' interpretation of her alleged injury by maintaining she "suffered a concrete injury when . . . [she] discovered that her in-person-vote was changed to an absentee vote, and the Defendant(s) fail[ed] to correct its inaccuracy." (ECF No. 28 at PageID.107.) She further asserts that this affects her "right to vote, voter integrity," and her "future eligibility and trust in the election process." (*Id.*) To demonstrate Article III standing, however, an injury must not be "conjectural" or "hypothetical"; instead, it must be a "legally protected interest," which is "concrete and particularized" and "actual or imminent." *See Spokeo*, 578 U.S. at 339 (citing *Lujan*, 504 U.S. at 560); *Carman v. Yellen*, 112 F. 4th 386, 399 (6th Cir. 2024).

Looking at the four corners of the Complaint, this Court must assess whether Plaintiff's alleged injury has a "close relationship" to a "traditional" harm that would substantiate a lawsuit. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 424-25 (2021) (citing *Spokeo*, 578 U.S. at 341). Plaintiff specifically alleges a violation of Section 8 of the NVRA, 52 U.S.C. § 20507 and Section 2(b), 52 U.S.C. § 20501(b). "In determining whether a harm is sufficiently concrete to qualify an injury in fact . . . Congress'[s] views may be 'instructive.'" *See TransUnion LLC*, 594 U.S. at 425 (2021) (citing *Spokeo*, 578 U.S. at 341). Although the NVRA

provides a private right of action for violations of the statute, an examination of the law's text does not reveal that failure to maintain an accurate record of a person's *voting history* is a violation. Congress enacted the NVRA so each state could establish a federal election *voter registration* procedure that would increase the number of eligible voters. *See* 52 U.S.C. § 20501; *see also Pub. Int. Legal Found. v. Benson*, 136 F.4th 613, 617-18 (6th Cir. 2025), *cert. denied*, 146 S. Ct. 1772 (2026). Additionally, Section 8 of the NVRA, 52 U.S.C. § 20507, requires each State to take certain actions, including implementing a general program to keep voter registration lists accurate, and making a reasonable effort to remove ineligible voters from the list. 52 U.S.C. § 20507.

While Plaintiff claims that the inaccuracy of her voting record impacts her "voter integrity," "right to vote," and "future eligibility and trust in the election process" (ECF No. 28 at PageID.107), these are fears based on conjecture, not a concrete or particularized harm recognized by the NVRA. *See Love v. Benson*, No. 25-CV-13105, 2026 WL 915492, at *2 (E.D. Mich. Mar. 4, 2026), report and recommendation adopted, No. 25-13105, 2026 WL 915464 (E.D. Mich. Apr. 2, 2026); *see also Republican Nat'l Comm. v. Benson*, 754 F. Supp. 3d 773, 786 (W.D. Mich. 2024), *aff'd*, No. 24-1985, 2025 WL 2731704 (6th Cir. Sept. 25, 2025) (noting that fear of a hypothetical future harm — ineligible voters being able to vote in elections of the NVRA — is insufficient for invoking Article III

jurisdiction). Plaintiff fails to plead facts establishing her standing. *See Spokeo*, 578 U.S. at 338 (2016).

For this reason, the Court finds dismissal appropriate pursuant to Rule 12(b)(1). Having reached that decision, the Court may not reach the merits of Plaintiff's claims. *See Mackinac Ctr. for Pub. Pol'y v. U.S. Dep't of Educ.*, 175 F.4th 692, 700 (6th Cir. 2026) (citing *United States v. Texas*, 599 U.S. 670, 675 (2023)) ("A plaintiff must establish that it has standing to sue before a court can consider the merits of its claims."). Standing "is the 'threshold question in every federal case, determining the power of the court to entertain the suit.'" *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)).

Accordingly,

**IT IS ORDERED** that Defendants' motions to dismiss (ECF Nos. 24 and 26) are **GRANTED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 28, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 28, 2026, by electronic and/or U.S. First Class mail.

s/R. Thieme
Case Manager